**2024-1360, 2024-1361**

# United States Court of Appeals
# For the Federal Circuit

**CLANTECH, INC.,**

*Appellant,*

v.

**COSTAR REALTY INFORMATION, INC.,
DUOLINGO, INC.,**

*Appellees.*

*Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2022-00799, IPR2022-00800*

**CLANTECH, INC.'S AND MODERN FONT APPLICATIONS LLC'S UNOPPOSED MOTION TO JOIN MODERN FONT APPLICATIONS LLC AS PARTY-IN-INTEREST OR IN THE ALTERNATIVE, TO INTERVENE**

　　　　　　　　　　　　　　　　Andrew T. Oliver
　　　　　　　　　　　　　　　　**AMIN, TUROCY, & WATSON, LLP**
　　　　　　　　　　　　　　　　160 W. Santa Clara Street
　　　　　　　　　　　　　　　　Suite 975
　　　　　　　　　　　　　　　　San Jose, CA 95113
　　　　　　　　　　　　　　　　(650) 618-6477

March 15, 2024　　　　　　　　　*Attorney for Movant*
　　　　　　　　　　　　　　　　*Modern Font Applications LLC*

**CLANTECH INC.'S AND MODERN FONT APPLICATIONS LLC'S UNOPPOSED MOTION TO JOIN MODERN FONT APPLICATIONS LLC AS PARTY-IN-INTEREST OR, IN THE ALTERNATIVE, TO INTERVENE**

Appellant Clantech, Inc. ("Appellant" or "Clantech") and movant Modern Font Applications LLC ("MFA") (collectively, "movants") hereby respectfully move the Court to join MFA as an appellant and party-in-interest in the above-captioned consolidated appeals to represent the interests of both MFA and Clantech. If this Court denies this request, then movants move to permit MFA to intervene in the appeal, pursuant to Fed. R. App. P. 15(d). MFA has discussed this motion with counsel for Appellees Costar Realty Information, Inc. and Duolingo, Inc. (collectively, "Appellees"). Appellees do not oppose this motion, on the condition that MFA and Clantech file joint merits briefing, and are not expected to file a response.

This appeal arises from final decisions in *inter partes* reviews of U.S. Patent No. 9,886,421 ("the '421 patent") and U.S. Patent No. 9,892,093 ("the '093 patent") (collectively "the IPR proceedings"). Clantech is the patent owner and was a party to the IPR proceedings. MFA has been the exclusive licensee of the 421 patent and 093 patent since 2017; MFA participated in the IPR proceedings as a non-owner real party in-interest.

In November 2023, the Patent Trial and Appeal Board ("PTAB") issued Final Written Decisions in the IPR proceedings, determining all challenged claims of the '093 patent and the '421 patent unpatentable. Around this time, Clantech and MFA were reevaluating the ongoing exclusive license agreement, and it was uncertain whether MFA would continue as the exclusive licensee. Thus, on January 12, 2024, Clantech filed Notices of Appeal of the final decisions in the IPR proceedings. MFA was identified as a real party in interest in the IPR proceedings and in Clantech's Certificates of Interest filed in this appeal on January 30, 2024. *See* Doc. 5 at p. 2, and Doc. 10 at p. 2.

On February 20, 2024, Clantech and MFA entered into an amended and restated exclusive license agreement under which MFA is the exclusive licensee of the '093 patent and the '421 patent and holds all substantial rights in and to the '093 patent and the '421 patent. Thus, MFA has a substantial interest in the result of this appeal. A copy of the February 2024 Amended and Restated Exclusive License Agreement as recorded with the U.S. Patent and Trademark Office in partially redacted form is attached herewith as **Exhibit A**.

As **Exhibit A** demonstrates, Clantech granted all substantial rights in the 093 patent and 421 patent, including the right to bring suits for infringement. Exh. A at §2.1. Clantech retained the right to receive a portion of sublicensing revenues and damages awards. Exh. A at §3.1.2. While Clantech is the assignee of the '093

2

patent and '421 patent, MFA is the exclusive licensee of these patents with all substantial rights and is a real party in interest. This Motion is thus based on MFA now being the party with the most interest in the appeal.

While the *inter partes review* statutes (e.g., 35 U.S.C. §§311-319) speak to the "patent owner" (rather than the exclusive licensee) being a party in IPR proceedings before the United States Patent and Trademark Office, this Court has jurisdiction and the ability to join (or substitute) MFA.

This Court has allowed appellate joinder under very similar circumstances. *Uniloc USA, Inc. v. ADP, LLC*, 772 Fed. Appx. 890, 893-894 (Fed. Cir. 2019). Likewise, the U.S. Supreme Court and other federal appeals courts have allowed appellate joinder under Federal Rule of Civil Procedure 21 governing misjoinder and nonjoinder. *Id.* at 893; *see also Mullaney v. Anderson*, 342 U.S. 415, 417, 72 S.Ct. 428, 96 L.Ed. 458 (1952) (allowing joinder where it "merely puts the principal, the real party in interest, in the position of his avowed agent," "it can in no wise embarrass the defendant," and where earlier joinder would not have "in any way affected the course of the litigation"); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989) (discussing Mullaney and the appellate courts' joinder powers); *Banks Next friend of W.B. v. St. James Parish School Bd.*, 757 Fed. Appx. 326, 331 (5th Cir. 2018) (recognizing that a "court can sua sponte determine that a required party is missing, and it can

3

add that party to the case" under Fed. R. Civ. P. 21); *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1373 (Fed. Cir. 2001) (noting that appellate joinder may be available where it "would not prejudice the defendants").

Here, joinder (or substitution) is appropriate, because MFA has exclusive (including all substantial) rights in the two patents that are the subject of the appeal. Clantech joins this motion and consents to the joinder (or substitution) of MFA. Neither Clantech nor MFA has requested any additional time to file separate merits briefs based on joinder (or substitution) of MFA and will, instead, file joint briefing. In the underlying IPR proceedings before the PTAB, Appellees petitioned for inter partes review of the Patents and MFA appeared as a real-party-in-interest. During the PTAB proceedings, MFA provided counsel who defended witnesses at depositions and argued at the final hearing. Thus, judicial efficiency strongly supports joinder (or substitution) here in view of MFA's participation and familiarity with the issues on appeal from the IPR proceedings.

If the Court does not permit joinder (or substitution), MFA and Clantech move the court to allow MFA to intervene in favor of appellant, pursuant to Fed. R. App. P. 15(d). The PTAB ultimately determined that all claims of Clantech's Patents were unpatentable. As the exclusive licensee with all substantial rights in the 093 patent and the 421 patent (*see* Exh. A §2.1) and the real-party-in-interest in

the underlying PTAB proceedings, MFA has a substantial and undisputable interest in the outcome of this appeal. In this appeal, Clantech seeks to overturn the PTAB's unpatentability ruling regarding the Patents for which MFA holds the exclusive license. MFA should be allowed to intervene to ensure that MFA's rights in the patents are upheld.

For these reasons, MFA respectfully requests that this Court grant the motion to join MFA as a party in the consolidated appeals or, in the alternative, to substitute or intervene in the consolidated appeals.

Dated: March 15, 2024　　　　　　　　　　/s/ *Andrew Oliver*
　　　　　　　　　　　　　　　　　　　　Andrew Oliver
　　　　　　　　　　　　　　　　　　　　*Attorney for Movant*
　　　　　　　　　　　　　　　　　　　　*Modern Font Applications LLC*

Dated: March 15, 2024　　　　　　　　　　/s/ *James C. Watson*
　　　　　　　　　　　　　　　　　　　　James C. Watson
　　　　　　　　　　　　　　　　　　　　*Attorney for Appellant*
　　　　　　　　　　　　　　　　　　　　*Clantech, Inc.*

**Exhibit A – Partially Redacted License Agreement**

**PATENT ASSIGNMENT COVER SHEET**

Assignment ID: 95536

Electronic Version v1.1
Stylesheet Version v1.2

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | LICENSE |

**CONVEYING PARTY DATA**

| Name | Execution Date |
|---|---|
| Clantech, Inc. | 02/20/2024 |

**RECEIVING PARTY DATA**

| Name: | Modern Font Applications LLC |
|---|---|
| Street Address: | 299 South Main, Suite 1300 |
| City: | Salt Lake City |
| State/Country: | UTAH UNITED STATES |
| Postal Code: | 84111 |

**PROPERTY NUMBERS Total:4**

| Property Type | Number |
|---|---|
| Application Number: | 15197389 |
| Application Number: | 14793643 |
| Application Number: | 11443664 |
| Application Number: | 15581921 |

**CORRESPONDENCE DATA**

Phone: (801)783-3200
Email: perry.clegg@johnsonmartinlaw.com
*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.*
Correspondent Name: Perry S. Clegg
Address Line 1: 50 W. Broadway, Suite 900
Address Line 4: Salt Lake City , UTAH 84101

| ATTORNEY DOCKET NUMBER: | 23943-0001 |
|---|---|
| NAME OF SUBMITTER: | MORIAH LUCAS |

| **Signature:** | MORIAH LUCAS |
|---|---|
| **Date:** | 03/14/2024 |

**TOTAL ATTACHMENTS: 1**
source= 2024-02-20_REDACTED_Amended MFA Exclusive License Agreement.pdf

AMENDED AND RESTATED

EXCLUSIVE PATENT LICENSE AGREEMENT

Between

Clantech, Inc.

And

Modern Font Applications LLC

This Amended and Restated Exclusive License Agreement (hereinafter "Agreement"), entered into effective as of the date of the signature of the last Party to sign below (the "Effective Date"), is by and between Clantech, Inc. (hereinafter "Clantech" or "Licensor"), a Utah corporation, and Modern Font Applications LLC, a Utah limited liability company (hereinafter "MFA" or "Licensee"). Licensor and Licensee are sometimes hereinafter referred to each individually as a "Party" and collectively as the "Parties."

BACKGROUND:

Licensor is the owner of all rights, title, and interests in certain patents and patent applications invented by Robert G. Adamson III;

Effective as of March 13, 2017, Licensor granted Licensee an exclusive license to all rights (including all substantial rights) in and to Licensor's "Font Technology Patent Portfolio" as defined in that certain March 13, 2017 Exclusive License Agreement by and between Licensor and Licensee.

The Parties desire to amend and restate the Exclusive License Agreement as of the Effective Date as set forth herein.

TERMS & CONDITIONS:

NOW THEREFORE, in consideration of the mutual promises, covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledge, the Parties hereby agree as follows:

1. Definitions.

    1.1. "Font Technology Patent Portfolio" means Licensor's United States patents and patent applications identified in the table below, and any patents or patent applications that claim priority thereto, (a) any divisionals, continuations or continuations-in-part of any such patent applications or patents, (b) any foreign patent applications corresponding to any such patent applications or patents, (c) any U.S. or foreign patents or the equivalent thereof issuing or resulting from any of the foregoing, and (d) any patents resulting from reissues or reexaminations of any of the foregoing.  It is understood that the subject matter of this Agreement is the entire patent family of all patents claiming priority to any one of the patent applications within the Font Technology Patent Portfolio or claiming priority to any one of the patent applications to which any of the patents within the Font Technology Patent Portfolio claim priority, including and patents in reexamination and any corresponding reexamination patent applications.

AMENDED AND RESTATED

EXCLUSIVE PATENT LICENSE AGREEMENT

| Country | Title | Patent/Patent Application No. | Filing Date or Issue Date |
|---|---|---|---|
| U.S.A. | Allowing Operating System Access to Non-Standard Fonts in a Network Document | 8,522,127 | August 27, 2013 |
| U.S.A. | Allowing Operating System Access to Non-Standard Fonts in a Network Document | 09/906,444 | July 16, 2001 |
| U.S.A. | Allowing Operating System Access to Non-Standard Fonts in a Network Document | 11/443,664 | May 30, 2006 |
| U.S.A. | Allowing Operating System Access to Non-Standard Fonts in a Network Document | 13/956,265 | July 31, 2013 |
| U.S.A. | Allowing Operating System Access to Non-Standard Fonts in a Network Document | 14/793,643 | July 7, 2015 |
| U.S.A. | Apparatus of a Hand-Held Device for Exposing Non-Standard Fonts in a Network Document to an Operating System | 15/197,389 | June 29, 2016 |
| U.S.A. | Allowing Operating System Access to Non-Standard Fonts in a Network Document | 9,405,735 | August 2, 2016 |
| U.S.A. | Portable Typelet File | 61/994,735 | May 16, 2014 |

1.2. "Licensed Patents" means any and all Patents within the Font Technology Patent Portfolio having a Valid Claim.
1.3. "Patents" means issued unexpired patents.
1.4. "Valid Claim" means any claim of an unexpired issued patent that has not been withdrawn, cancelled or disclaimed and has not been held invalid by a court or governmental authority of competent jurisdiction in an unappealed or unappealable decision.

2. Grants.
   2.1. Licensor hereby grants to Licensee, and Licensee hereby accepts, an exclusive license to all rights, including all substantial rights, in and to the Font Technology Patent Portfolio (including without limitation in and to all Licensed Patents), including a worldwide exclusive right and license to the Font Technology Patent Portfolio, with all rights to make, have made, use, import, offer to sell and sell products or services covered by the Font Technology Patent Portfolio, including the exclusive right to grant sub-licenses under the Font Technology Patent Portfolio, the right to bring suit in Licensee's own name, or if required by law, jointly with Licensor, at its own expense and on its own behalf, for infringement of any or all of the Licensed Patents, in any such suit, to seek injunctive relief and enjoin infringement and to collect damages (including all past damages), profits, and awards of whatever nature recoverable for such infringement, and to settle any claim or suit for infringement of the Licensed Patents, including by granting the infringing party a sublicense to or covenant not to sue under the Licensed Patents.

3. Financial Obligations
   3.1. In consideration of the rights and license granted herein, Licensor and Licensee agree to the following financial consideration:
      3.1.1. **Not used**.
      3.1.2. Throughout the term of the Agreement, Licensee shall pay ▮▮▮▮▮▮▮ Licensor ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ a running royalty

Page **2** of **6**

AMENDED AND RESTATED

EXCLUSIVE PATENT LICENSE AGREEMENT

of ▇▇▇% ▇▇ sublicensing revenues and/or damages awards received from a sublicensee or defendant prior to ▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇% ▇▇ sublicensing revenues and/or damages awards received from a sublicensee or defendant after ▇▇▇▇.

4. Infringement by Third Parties.
   4.1. Licensee has the right to file suit in its own name by counsel of its choice to the extent provided by applicable laws, rules and regulations, and to enter into settlement or consent judgment or other voluntary final disposition of any legal action for infringement.
   4.2. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

5. Representations and Warranties.

   5.1. Licensor represents and warrants that Licensor currently holds all rights, title, and interest in the Font Technology Patent Portfolio, can grant the rights, licenses, and privileges granted by this Agreement, and has recorded its ownership interests with the U.S. Patent and Trademark Office pursuant to 35 U.S.C. § 261.

   5.2. Licensor represents and warrants that Licensor has no knowledge of any claims or allegations by third parties to ownership of the Font Technology Patent Portfolio or any of the Licensed Patents.

   5.3. Licensor represents and warrants that Licensor has no knowledge of any pending litigation of any type regarding or involving the Font Technology Patent Portfolio or any of the Licensed Patents outside of cases in which Licensee is a named party.

6. 

7. Term of Agreement and Extension.
   7.1. Unless terminated sooner, this Agreement shall automatically terminate upon the date that is six (6) years after the date on which the last active patent of the Licensed Patents expires if no litigation of any Licensed Patent is pending at that time. If litigation of any Licensed Patent is

AMENDED AND RESTATED

EXCLUSIVE PATENT LICENSE AGREEMENT

    pending at the date that is six (6) years after the date on which the last active patent in the Licensed Patents expires, then the Agreement shall remain in place until such time as all such litigation and appeals thereof have terminated.

  7.2. This Agreement shall terminate automatically upon a final adjudication of invalidity, unenforceability, or the extinguishment of all Licensed Patents, for any reason.

8. Notices and Payments.
  8.1. All notices and reports shall be addressed to the Parties as follows:

If to Licensor:

Attn: Robert G. Adamson III
Clantech, Inc.

If to Licensee:

Modern Font Applications LLC
299 South Main, Suite 1300
Salt Lake City, UT 84111



  8.3. Any notice, report or any other communication required or permitted to be given by one Party to the other Party by this Agreement shall be in writing and either: (a) served personally on the other Party; (b) sent by express, registered or certified first-class mail, postage prepaid, addressed to the other Party at its address as indicated above, or to such other address as the addressee shall have previously furnished to the other Party by proper notice; (c) delivered by commercial courier to the other Party; or (d) sent by facsimile to the other Party at its facsimile number indicated above or to such other facsimile number as the Party shall have previously furnished to the other Party by proper notice, with machine confirmation of transmission.



AMENDED AND RESTATED

EXCLUSIVE PATENT LICENSE AGREEMENT

10. Legal Amendments.

   10.1. The Parties agree that if any part, term, or provision of this Agreement shall be found illegal or in conflict with any valid controlling law, the validity of the remaining provisions shall not be affected thereby.
   10.2. In the event the legality of any provision of this Agreement is brought into question because of a decision by a court of competent jurisdiction of any country in which this Agreement applies, Licensee, by written notice to Licensor, may revise the provision in question or may delete it entirely so as to comply with the decision of said court.

11. Disputes and Governing Laws

   11.1. This Agreement, and the rights and liabilities of the Parties with respect to this Agreement and its subject matter, shall be governed by the laws of the State of Utah, without reference to the principles of conflicts of laws thereof. Any dispute arising out of or relating to this Agreement or its subject matter not settled by the Parties may be resolved only by the courts of the State of Utah, or if subject matter jurisdiction exists, by the United States federal courts, with venue in Salt Lake County (in the case of state court) or in the U.S. District Court for the District of Utah (in the case of federal court). Each of the Parties hereby consents to the jurisdiction of such courts over it in any action involving any such dispute. Each of the Parties agree not to commence or maintain a legal proceeding involving any such dispute in any forum except a court of the State of Utah located in Salt Lake County or the United States District Court for the District of Utah (other than to enforce a judgment obtained in such courts) and agrees not to contest the venue of any action involving any such dispute in Salt Lake County or the District of Utah, as the case may be, nor to assert in any such court the doctrine of forum non conveniens, or the like.

12. Counterparts

   12.1. This Agreement may be executed in separate counterparts, each of which so executed and delivered shall constitute an original, but all such counterparts shall together constitute one and the same instrument. Any such counterpart may comprise one or more duplicates or duplicate signature pages, any of which may be executed by less than all of the Parties, provided that each Party executes at least one such duplicate or duplicate signature page. The Parties stipulate that a photo static copy of an executed original will be admissible in evidence for all purposes in any proceeding as between the Parties.

   IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed effective as of the Effective Date by their respective duly authorized representatives as set forth below:

**MODERN FONT APPLICATIONS LLC**

By: _____
Date: 2/20/2024
Andrew Oliver
Vice President and authorized agent for Modern Font Applications, LLC
Modern Font Applications LLC
299 South Main, Suite 1300
Salt Lake City, UT 84111

AMENDED AND RESTATED

EXCLUSIVE PATENT LICENSE AGREEMENT

CLANTECH, INC.

By: *[signature]*
Date: *[handwritten date]*
Robert G. Adamson III
President and authorized agent of Clantech, Inc.

[redacted]

# Certificate of Interest

Counsel for Movant Modern Font Applications LLC certifies the following:

1. The full name of every Party represented by me is:

   - Modern Font Applications LLC

2. The name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is:

   - Modern Font Applications LLC

3. Parent corporations and publicly held companies that own 10% or more of stock in the party:

   - None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (and who have not or will not enter an appearance in this case) are:

   - Perry S. Clegg of Johnson & Martin, P.A.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. *See* Fed. Cir. R. 47.4(a)(5) and 47.5(b).

   - *Duolingo, Inc. v. Modern Font Applications LLC*, no. 3:21-cv-06132-VC, United States District Court for the Northern District of California; *CoStar Realty Information, Inc. v. Modern Font Applications LLC*, no. 3:21-cv-07521-VC, United States District Court for the Northern District of California; *Modern Font Applications v. Alaska Airlines*, no. 2:19-cv-00561-DBB-CMR, United States District Court for the District of Utah.

6. Any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

- None.

Dated: March 15, 2024

/s/ *Andrew T. Oliver*
Andrew T. Oliver
*Attorney for Movant*
*Modern Font Applications LLC*

8

## CERTIFICATE OF SERVICE

On March 15, 2024, the foregoing motion and attachments were submitted to the Court electronically, and thereby served on all parties, by the CM/ECF system.

*/s/ Andrew T. Oliver*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that the foregoing motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2)(A). According to the word count feature in Microsoft Word, the motion contains 1,618 words, including the exempted parts under Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32(b). The motion was prepared in a proportionally spaced typeface using Times New Roman in 14-point size.

*/s/ Andrew T. Oliver*
Andrew T. Oliver

**Certificate of Service**

I certify that, on March 15, 2024, I served the foregoing on counsel for Appellee and counsel for Clantech, Inc. via electronic mail.

Dated: March 15, 2024　　　　　　　　　　　/s/*Andrew T. Oliver*
　　　　　　　　　　　　　　　　　　　　　Andrew T. Oliver
　　　　　　　　　　　　　　　　　　　　　*Attorney for Appellant*
　　　　　　　　　　　　　　　　　　　　　*Modern Font Applications LLC*